**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BEATRICE FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 C 1801 |
| ) | |
| CHICAGO TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In her amended complaint in this action, Beatrice Fleming makes five claims against her former employer, the Chicago Transit Authority (CTA). Count 1 is a claim of sexual harassment under Title VII of the Civil Rights Act of 1964; Count 2 is a claim of retaliatory harassment under Title VII; Count 3 is a claim of retaliatory termination under Title VII; Count 4 is a claim of retaliation under 42 U.S.C. § 1981; Count 5 is a claim of discrimination under the Americans With Disabilities Act (ADA); and Count 6 is a claim of retaliation under the ADA. The CTA has moved to dismiss all but Count 3 under Federal Rule of Civil Procedure 12(b)(6), arguing that they are barred by the doctrine of claim preclusion, or *res judicata*, as a result of a judgment in the CTA's favor in an earlier case that Fleming filed. For the reasons stated below, the Court denies the CTA's motion.

### Background

In her present suit, Fleming alleges that she was discharged by the CTA in 2003. Following her discharge, Fleming filed a grievance under the collective bargaining agreement

between the CTA and the union representing its workers, and she also filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC). Fleming later received right to sue letters from the EEOC, and she filed suit in this district in August 2004. *Fleming v. Chicago Transit Auth.*, Case No. 04 C 5302 (St. Eve, J.). In March 2005, Fleming was reinstated to her job following arbitration of her grievance, but she proceeded with her lawsuit. In July 2005, Fleming filed an amended complaint in the lawsuit, alleging that after her reinstatement, supervisory personnel had continued to discriminate against her, in retaliation for her prior complaints.

In January 2006, a CTA manager referred Fleming for a behavioral evaluation, and later that same month, she was placed on involuntary medical leave pending a fitness-for-duty examination. She returned to work in March 2006 after being deemed fit. Fleming then filed additional charges with the EEOC, alleging discrimination and harassment based on race and gender, as well as retaliation for her prior complaints.

In late April 2006, Fleming filed a fourth amended complaint in Case No. 04 C 5302, naming as defendant the CTA and a supervisor, Antonio McFadden. She alleged an ongoing pattern of discriminatory, harassing, and retaliatory treatment, from 2002 through January 2006. Fleming made specific reference to the CTA's decision to place her on medical leave in January 2006, characterizing this as retaliatory. The January 2006 events, however, are the last events of which she complained in that iteration of her complaint - though she did make reference to her filing of EEOC charges based on those events and her subsequent reinstatement to work.

In her amended complaint in the present case, Fleming makes reference to her earlier complaints and to the alleged discrimination and harassment that was the subject of Case No. 04

C 5302, but she specifically premises her current claims on conduct that began "[s]ubsequent to [her] return to work from the involuntary medical leave, and in particular beginning in November 2006." Am. Compl. ¶ 28. Specifically, Fleming contends that subsequent to those dates, the CTA engaged in a series of acts of harassment, discrimination, and retaliation. These included assignments to defective buses, *id.* ¶¶ 29-35, which resulted in her receiving traffic citations and other violation notices, *id.* ¶ 36; discriminatory assignments to take on "double loads" of passengers, *id.* ¶¶ 38-39; reprimands and disciplinary action for conduct that was overlooked for co-workers, *id.* ¶¶ 40-41; discriminatory disregard of complaints she made, *id.* ¶¶ 42-43; and threats and harassment by co-workers, *id.* ¶¶ 44-48. Fleming also alleges that co-workers in a garage, and in particular a co-worker named Gregory Perkins, sexually harassed her, sometimes in the view of her supervisors, and that her complaints to supervisors were ignored. *Id.* ¶¶ 49-61.

Fleming also alleges that nine days after summary judgment was granted for the CTA in Case No. 04 C 5302 in July 2007, the CTA notified her that she was being discharged. Fleming contends that the reason given by the CTA for this was made-up and a pretext for retaliation. *Id.* ¶¶ 62-68.

Count 1, Fleming's sexual harassment claim, is premised upon the harassment by Perkins and other co-workers in the garage and the CTA's failure to deal properly with her complaints. Fleming alleges that she filed an EEOC charge regarding this conduct in January 2007 and thereafter received a right to sue letter. Count 2, Fleming's retaliatory harassment claim, is premised upon the undesirable assignments, disparate treatment, and harassment by supervisors referenced in paragraphs 29 through 48 of the amended complaint. Count 3, her retaliatory discharge claim, is premised upon her discharge after summary judgment was entered in Case

3

No. 04 C 5302. Count 4, filed under section 1981, is based on the same conduct that underlies Counts 2 and 3. Count 5, the ADA discrimination claim, is premised on Fleming's allegation that she is a qualified person with a disability; she says that the CTA was aware of her disabilities but assigned her to equipment that, due to her disabilities, made it difficult for her to perform her job properly, and failed to accommodate her needs. Count 6, her ADA retaliation claim, is based on Fleming's allegations that she made complaints about her job conditions as they related to her disabilities and that the CTA, instead of accommodating her disabilities, retaliated against her in the terms and conditions of her employment.

## Discussion

Though Fleming argues that the CTA's claim preclusion defense is not appropriately raised via a Rule 12(b)(6) motion, the Court will assume for purposes of discussion that the CTA's motion is a proper procedural vehicle to assert this defense. The Court concludes that Fleming's current claims are not barred by claim preclusion. Under the doctrine of claim preclusion, a final judgment on the merits in a case precludes the parties from relitigating claims that were or could have been raised in that case. *Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). This doctrine requires a litigant to join in a single suit all legal and remedial theories that concern a single transaction. *Perkins v. Bd. of Trustees of Univ. of Ill.*, 116 F.3d 235, 236 (7th Cir. 1997). For claim preclusion to apply, there must be a final judgment on the merits in an earlier action; an identity of the causes of action in the earlier and later action; and an identity of parties. *See, e.g., Highway J*, 456 F.3d at 741; *Doe v. Allied-Signal, Inc.*, 985 F.3d 908, 913 (7th Cir. 1993). The first and third requirements are clearly met; the question concerns whether the causes of action in the two cases are the same.

There is an identity of causes of action if a later claim "emerges from the same core of operative facts as [the] earlier action." *Highway J*, 456 F.3d at 741. Claims are considered the same for purposes of claim preclusion if they are "based on the same, or nearly the same, factual allegations." *Cole v. Bd. of Trustees of Univ. of Ill.*, 497 F.3d 770, 772-73 (7th Cir. 2007) (internal quotation marks and citation omitted). "'In other words, 'a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment.'" *Id.* at 773 (quoting *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999)).

This requirement has not been met with regard to Fleming's claims that the CTA has challenged. As the Court explained earlier, Fleming's first case concerned events up to, and including, her placement on involuntary leave in January 2006. Her current case, by contrast, is specifically premised upon matters that occurred after she was restated to her job in March 2006. The CTA argues that because Fleming's first suit was still pending at the time the conduct occurred of which she now complains (or at least some of it), she could have added her current claims to the prior suit. The Court agrees with Fleming that claim preclusion does not bar a lawsuit that is brought to vindicate rights that allegedly were violated after the earlier suit was filed (or in this case, after the fourth amended complaint was filed on April 24, 2006). *See Perkins*, 116 F.3d at 236-47. As the Seventh Circuit said in *Perkins*, the function of claim preclusion is "to require the joinder of all legal challenges to a wrong, and all claims for relief arising out of those events, *without* compelling the joinder of claims arising from separate wrongs . . . ." *Id.* at 236 (emphasis in original). This Court's conclusion in this regard is not altered by the fact that Fleming's appointed counsel in the earlier case may have made reference

5

to some later events in opposing the CTA's summary judgment motion; the fact is that the claims in the earlier suit and those in this suit arise from separate incidents, events, transactions, and circumstances.

Finally, the CTA's argument that the actions that Fleming alleges in this case arguably are part of a single, overall course of conduct that includes the actions in the earlier case does not carry the day. There is a distinct breaking point between the matters involved in the earlier case and those involved in this case – specifically, Fleming's reinstatement to work in March 2006. Case No. 04 C 5302 was premised on events occurring prior to that date, and the present case is premised on events occurring after that date. The doctrine of claim preclusion did not require Fleming to try to include the current matters in the earlier suit. (Indeed, as the Court noted in an earlier ruling in this case, it is likely that Fleming would have been unable to do so – and indeed, it is undisputed that her appointed counsel in the earlier case told her that the later events could not be added to the earlier case.)

## Conclusion

The Court denies the CTA's motion to dismiss [docket no. 31] for the reasons stated above. The CTA is directed to answer the amended complaint by no later than April 9, 2008.

_____<br>
MATTHEW F. KENNELLY<br>
United States District Judge

Date:   March 19, 2008